Opihiojt of the Coukt.
THIS is a contest between adverse conflicting claims 'to land. Crist,'&c. were ..defendants in the court below holding under the elder grant from the commonwealth, and Brashears was complainant in that court, asserting the superior equity under the following certificate and entries:
“ 18iA November, 1779. ,’
“Jonathan Ketcham, byNathániel Randolph, this day claimed a settlement and pre-emption to a tract of land lying to the south side of the Town-fork of Salt river, about two miles above Floyd’s fork, by improving the same in the year 1776, and residing in the country cver since. Satisfactory proof being made to the court, they are of opinion, that the said Ketcham has a right to a settlement of 400 acres of land to include the said iiii* . Movement and the pre-emption of one thousand acres .^adjoining, and that a certificate issue accordingly.
‘■'•lih December, 1779.
“Jonathan Ketcham enters 400 acres in Kentucky county by virtueyff a certificate, &c. lying on the south sidé'of the Town-fork of Salt river, about two miles above Floyd’s fork.
“ 17£/t July, 1700.
“Jonathan Ketcham enters a pre-emption warrant of 1000 acres, to adjoin his settlement all round on Salt river, two miles above Floyd’s fork.”
The claim of Brashears was sustained by the court below, and Crist, &c. were decreed to surrender their legal title, derived under the elder grant, to so much of the land in contest as is contained in the, settlement strrvsy and the entry of that settlement when laid down *18 according to the principles of the decree, and likewise to so much of the land in contest as is contained in the pre-emption survey and the entry of the pre-emption Warrant when laid down as directed by that court.
Crist, &c. have made no effort to support the validity of the entry upon which their elder grant emanated; they have rested their defence, exclusively, on their elder grant, and the invalidity of the claim of Brashears; so that in revising the decree of the, court below, it id barely necessary to enquire' into the validity of the claim asserted by Brashears.'
And in proceeding with this inquiry, we shall assume the certificate of Ketcham to have been granted by the court of commissioners for an actual settlement on the land, and not in consequence of any right to which he may have been entitled as a village settler. Such is the most natural import of the certificate, and such was the construction piit upon a like certificate by this court as early as fall term, 1793, in the case of Consilla vs. Briscoe. Hughes’ R. 43.
These observations have been premised for the purpose of more clearly shewing the necessity of identifying the improvement of Ketcham, before Brashears can be entitled to a surrender of the legal title of Crist, &c. Ketcham’s settlement entry with the surveyor, it is true, contains no call to include his improvement; but the certificate calls to include his improvement, and if we are correct in supposing it to have been granted for an actual settlement, there was an imperious necessity for making the oft try with the surveyor include the settlement, and according to the settled rules of construction the certificate and entry must be taken together. In testing the validity of an entry upon a pre-emption warrant, it Would not be necessary to advert to the certificate, where the entry is not made to depend upon the settlement; but in this case the pre-emption- entry calls to adjoin all round the settlement, and as the settlement cannot be located without ascertaining the position of the improvement, until that he done it is evident that Brashears cannot he entitled to relief either under the settlement or pre-emption claim of Ketcham.
If, therefore, Brashears can be entitled to no relief without establishing Ketcham’s improvement, it is obvious the decree of the court below cannot be sustained. For after the most careful examination of the evidence* *19 we have been unable to discover the evidence, fixing the position of Ketcham’s improvement. There' is-, delineated on the connected plat an improvement which, the surveyor represents as Ketcham’s; but the survey- or’s report, without the aid of other evidence-, is no proof of the fact of its being Ketcham’s. The existence of the improvement, represented by the surveyor, before the date of the, certificate, is proved, by several witnesses, but there is a total absence of proof of its having been made for Ketcham or being known before that time as Ketcham’s improvement, and we are told by one witness that about that time he knew, on the norlpFand opposite side of the Town-fork of Salt river to the improvement represented by the surveyor, an improvement which was called Ketcham’s improvement; and other witnesses say that there were several improvements in that part of the country, one of which belonged to Dowdall, and from their description the improvement delineated on the plat accords better with the improvement of Dowdall than that of any other person.
The decree of the court below, sustaining the claim of Brashears, must, therefore be reversed with costs, the cause remanded to that court and the bill dismissed' with costs.