Sue STANLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 5, 1964.

---

John W. Core, Lexington, M. C. Red-wine, Jr., Winchester, for appellant.

Robert Matthews, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of murder and given a life sentence. Her principal contention on this appeal is that the court erred in failing to give an instruction on voluntary manslaughter.

One evening appellant and a friend she had been dating, Wade Taylor, were occupying a room in a motel. She had been drinking beer and he had been drinking whiskey. With her own pistol she shot Taylor six times, causing his death.

The only eyewitness to the incident was appellant, who testified at the trial. She stated that while she was seated on the bed, Taylor was attempting to fix the television. On top of it was a loaded pistol which had been placed there by him. It was owned by appellant but she had loaned it to him sometime before. Appellant picked up the firearm to look at it, whereupon Taylor "grabbed" her. The gun went off.

Appellant testified she had no intention of shooting Taylor, there was no reason for him to grab her, and there had been no quarrel.

The court instructed the jury on murder and accidental shooting. The question is whether an additional instruction on voluntary manslaughter should have been given.

It is the well recognized rule in this state that if there is any evidence from which a reasonable inference may be drawn that the defendant in a homicide case is guilty of a lesser crime than murder, instructions should be given consistent therewith. Wagers v. Commonwealth, Ky., 256 S.W.2d 357; Lee v. Commonwealth, Ky., 329 S.W.2d 57.

If appellant's story were believed, she committed no crime. Disregarding her story, which a jury could do, we look to the circumstantial evidence to see if it would fairly support a finding of voluntary manslaughter as well as murder.

This was an unusual occurrence. Between the parties there existed a close and friendly relationship. If we do not believe appellant's story, the reason for this killing is obscure. Nothing indicates malice prior to the time the parties occupied the motel room. (They had been there about 2½ hours.) It is conceivable that appellant for some reason decided to kill Taylor. An equally supportable theory is that under the influence of drink the parties took a sudden aversion to each other, that some sort of affray ensued, and the gun was fired in sudden heat and passion. According to appellant, a momentary scuffle did take place. The firing of the gun six times is strong evidence of an intent to kill, but the circumstantial evidence is as equally consistent with the lack of malice aforethought as with its presence.

If appellant was guilty, we do not believe the evidence points so clearly to the crime of murder as to exclude another reasonable inference that a lesser crime was committed. The circumstances are such that the cases of Nicoll v. Commonwealth, 169 Ky. 491, 184 S.W. 386; Johnson v. Commonwealth, 179 Ky. 40, 200 S.W. 35; and Davenport v. Commonwealth, 285 Ky. 628, 148 S.W.2d 1054 do not apply.

In our opinion the trial court committed error in failing to give an instruction on voluntary manslaughter.

Appellant does not contend for, and we do not think the evidence would support instructions on involuntary manslaughter.

Appellant raises other questions concerning the form of the instructions which do not merit serious discussion. Certain evidence alleged to be incompetent could not have been prejudicial.

The judgment is reversed with directions to grant appellant a new trial.