James J. BUTLER, Jr., et al., Appellants,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

March 5, 1965.

Henry J. Burt, Jr., W. Howard Clay,
Louisville, for appellants.

John B. Breckinridge, Atty. Gen., Wil-
liam A. Lamkin, Jr., Asst. Atty. Gen.,
Raleigh O. Jones, Dept. of Highways,
Louisville, for appellee.

PALMORE, Judge.

The dispositive question on this appeal
arises from the alleged misconduct of one
of the jurors during the trial of a condem-
nation case.

On the second morning of the trial, before the Commonwealth had completed the introduction of its evidence and before any valuation witnesses had testified, the witness Lewis R. Long was permitted to appear out of order in behalf of the landowners because it was necessary for him to leave town that day. Immediately after he had given his opinion to the effect that the property in question had a fair market value of $2,000 per acre at the time of the taking, an objection was made, whereupon counsel and the trial judge retired from the presence of the jury, leaving Long in the witness chair and the jurors in the jury box. According to Long's affidavit later filed in support of the landowners' motion for a new trial, during this brief recess several of the jurors "were talking among themselves in regard to this property" and one of them stated that "no land out there is worth $2,000 an acre." [1]

Facts stated in an affidavit supporting a motion for new trial will be taken as true unless countered. Roland v. Eibeck, Ky., 385 S.W.2d 37, 41 (1964). Certainly Long's affidavit, if untrue or inaccurate, could have been contradicted by affidavits from others present at the trial, including the jurors themselves.[2]

The Commonwealth does not question the affidavit, but suggests that the juror's comment was just a casual remark not indicative of any prejudice. With much regret at the necessity of remanding this excellently tried case for a new trial, we are forced to a different conclusion. The value of the land was the heart and soul of the case. Two witnesses for the condemnor fixed it at $870 and $850 per acre, respectively. The appraisals of six witnesses for the landowners ranged from $1,800 to $2,000 per acre. The jury eventually determined that the value of the portion taken was $900 per acre. At the time the bumptious juror injected his unsolicited opinion only one of these figures had been given, and that was $2,000. The only possible basis for his scoffing at that estimate before hearing the others was prejudice.

KRS 29.302 provides that when a jury is permitted to separate the jurors must be admonished to the effect that "during the trial, it is their duty not to form or express an opinion thereon, until the cause is finally submitted to them." The admonition given to the jurors by the trial court when they separated the evening before this particular incident happened was not exactly in the form required by the statute, but we do not believe that is material, because the right to a fair and impartial jury is fundamental. It does not rest on the statute [3] and it does not rest on the giving or not giving of an admonition. It inheres in the woof and warp of the jury system itself.

"The conduct of the jury after they are impanelled is a matter of very great concern. The law, before their selection, insists on impartiality between the parties; hence, any exhibition of favor toward either of the parties, by act or expression, will be fatal to their proceedings." Proffatt on Jury Trial, § 386 (p. 449).

Normally the trial court is allowed much discretion in determining the prejudicial effect of a juror's misconduct, particularly if there is an opportunity to give a curative admonition. Here there was no such opportunity. The amount of the verdict when viewed against the evidence and the context of the juror's remark is what our brethren of the medical profession

---

1. As the incident occurred in the absence of court and counsel it was not disclosed until after Long had returned and the trial was over.

2. Lord Mansfield's rule against a juror's impeaching his own verdict, even if it were otherwise applicable in this instance, does not exclude a juror's testimony in support of a verdict. Wigmore on Evidence, § 2354 (Vol. 8, p. 714), citing Kentucky decisions in accord.

3. Literally, the statute does not apply unless and until there is a separation.

would term "consistent" with the existence of prejudicial effect. Moreover, since the verdict in a condemnation case must be unanimous,[4] ipso facto one bad apple is one too many. We hold that there was no leeway for discretion; the landowners were entitled to a new trial as a matter of law.

 Except for two further points, the questions raised on this appeal may not arise upon retrial and we need not consider them.[5] The first point is this: According to affidavits filed with a motion by the landowners that they be accorded the burden of proof and final argument, the Commonwealth had offered them more money in settlement than the amount of $35,000 fixed by the county court commissioners, remained willing to pay the offered amount even after the county court award, and admittedly appealed to the circuit court only for the procedural advantage. Hence, say the landowners, the Commonwealth's appeal was a sham and it should not have been allowed the burden.

When one has an undoubted right to appeal, it would not do for the courts to question too closely his motives in so doing. The give and take of compromise efforts must be allowed in condemnation cases as it is in others. In our adversary system lawsuits are still battles, even when the state is pitted against one of its citizens. And until a truce is struck neither side can be expected to rest on its arms merely because it has reached a point at which it would be glad for the battle to end. The warrior whose offer of quarter is spurned must fight on to win whatever he can. The action of the trial court in overruling the motion was proper.

 The remaining point is that it was error to exclude testimony offered by the landowners to show what the highway department paid in a negotiated acquisition of adjoining property in connection with the same project for which their property has been condemned. But as pointed out in Commonwealth, Dept. of Highways v. McGeorge, Ky., 369 S.W.2d 126, 128 (1963), the reason for exclusion of such evidence is particularly applicable in right-of-way cases, because both parties are under some degree of compulsion. The evidence is not admissible.

The judgment is reversed and the cause remanded for a new trial.

---

4. Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622, 627 (1933), and earlier cases therein cited.

5. With respect to the measurement of damages, Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963), will apply.