**Eugene HARRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

Clyde L. Stapleton, Jackson W. White, Lexington, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Joseph H. Eckert, Asst. Attys. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Eugene Harris was sentenced to life imprisonment upon a verdict finding him guilty of murder in having inflicted upon Frank Johnson a stab wound that caused Johnson's death. On this appeal from the judgment of conviction Harris asserts as his sole ground of error the failure of the trial court to give an instruction on voluntary manslaughter.

The only evidence as to the circumstances of the stabbing was the testimony of the witness John Embry. (Harris took the stand but in his testimony he attempted to establish an alibi.) Embry said that he came out of a restaurant in Lexington and saw Harris and another man standing at the curb about ten feet away; Harris struck the other man in the stomach, and the man put his hand against his stomach and walked away; Harris walked away in the other direction; no words were uttered either before or after the striking.

Although Embry was an eyewitness of the striking of the blow by Harris (which from other, circumstantial evidence could be concluded to have been a stabbing blow with a knife), the circumstances related by Embry were so unusual that it reasonably could be inferred that the striking had been preceded (before Embry's arrival) at least by a verbal, and perhaps by a physical, exchange between Harris and Johnson.

We think this case falls within the rule that if a reasonable inference can be drawn from the evidence that the defendant in a homicide case is guilty of a lesser crime

_____

than murder, instructions should be given consistent therewith. See Stanley v. Commonwealth, Ky., 380 S.W.2d 71; Combs v. Commonwealth, Ky., 378 S.W.2d 626; Pennington v. Commonwealth, Ky., 344 S.W.2d 407; Lee v. Commonwealth, Ky., 329 S.W.2d 57; Cottrell v. Commonwealth, 271 Ky. 52, 111 S.W.2d 445. We do not believe that the evidence points so clearly to the crime of murder as to exclude a reasonable inference that a lesser crime was committed. See Stanley v. Commonwealth, Ky., 380 S.W.2d 71.

The judgment is reversed with directions to grant a new trial.

MONTGOMERY, Judge (dissenting).

I respectfully disagree with the majority opinion herein. The rule in alibi cases is that only an instruction on murder is given. The reason is that the accused's defense is that he did not commit the murder because he was elsewhere. Certainly the accused, as here, does not claim that homicide was done "in sudden heat of passion, and upon provocation ordinarily calculated to excite passion beyond control." This does not submit any theory of defense held by the accused.

In Morris v. Commonwealth, 306 Ky. 349, 208 S.W.2d 58, it was specifically held that no manslaughter instruction should be given in a murder case where the defense was an alibi. See Barnes v. Commonwealth, 179 Ky. 725, 201 S.W. 318, and cases cited therein. In an alibi case there is no room for the accused to make inconsistent claims of alibi and provocation or excuse. The two defenses are mutually exclusive. If the accused claims that he was not present at the killing, he certainly cannot claim a defense based on factors that require his presence there. Thus, there was no possible basis for a manslaughter instruction in this case, and it should not be given on a new trial. Canada v. Commonwealth, 281 Ky. 641, 136 S.W.2d 1061; Davenport v. Common-

wealth, 285 Ky. 628, 148 S.W.2d 1054; and Lee v. Commonwealth, Ky., 329 S.W.2d 57.

I, therefore, think that the majority opinion is wrong and is contrary to certain long-established rules of the law of homicide. See 10A Kentucky Digest, Homicide ⊜300(9) and 309(3).

STEWART, J., concurs in this dissent.