**Jeffrey M. GOINS, Petitioner,**

v.

**N. Mitchell MEADE, Judge, Fayette Circuit Court, Respondent.**

Court of Appeals of Kentucky.

April 25, 1975.

Rehearing Denied June 27, 1975.

Timothy T. Riddell, Asst. Public Defender, Frankfort, A. Norrie Wake, Lexington, for petitioner.

John M. Famularo, Asst. Commonwealth's Atty., Lexington, Miles H. Franklin, Asst. Atty. Gen., Frankfort, for respondent.

REED, Chief Justice.

This is an original proceeding in this court to require the Judge of the Fayette Circuit Court, Second Division, to order the court reporter to prepare a transcript of the entire proceedings of petitioner's trial in that court (including the opening statements of counsel and the voir dire examination of jurors) for the record on appeal.

The petitioner is an indigent person. He was represented at trial by the local public defender and he will be represented by the state public defender on appeal. All of his legal representation has been provided at public expense.

The petitioner was convicted and sentenced to confinement in the penitentiary for a period of 21 years for the crime of malicious cutting and wounding with intent to kill; 7 years for the crime of detaining a female; 25 years for the crime of armed robbery; and an additional 7 years for another crime of detaining a female, and 3 years for the crime of robbery. The trial judge ordered that all these sentences should run concurrently.

Five days after the trial, the local public defender filed the motion for a new trial in which the sole assertion of error related to petitioner's mental competence to stand trial. This motion was promptly overruled. On the same day the trial counsel filed a notice of appeal, a motion to be permitted to appeal in forma pauperis and a request that the entire record be transcribed and filed as the record on appeal.

The motion to be allowed to appeal in forma pauperis was sustained but the court ordered a hearing for the purpose of determining what portions of the record could be omitted without prejudice to the petitioner. At the hearing, trial counsel did not assert that any issue would be raised on the appeal involving any alleged error either in the conduct of the voir dire examination of jurors or in the opening statements of counsel but did state that because of the lapse of time since the trial and because of his involvement in other trials subsequent to petitioner's trial, he was unable to recall whether or not errors occurred during the voir dire examination of jurors and the opening statements of counsel which might be asserted upon appeal.

The state public defender asserted that he was not present during the trial and could not properly determine whether errors occurred during the voir dire examination of jurors and opening statements of counsel unless he was furnished a complete transcript.

The court directed that the voir dire examination of jurors and the opening state-ments of counsel be omitted from the transcript. The response to this petition states that the omitted portions of the record are not essential for the consideration of any issue presented by the petitioner and the furnishing of these unnecessary parts of the record would occasion a needless expense to the taxpayers and would increase the already heavy burden upon court reporters of the Fayette Circuit Court which would cause delay in processing other criminal appeals from that court.

The action of the trial court was predicated upon RCr 12.63 which provides:

"Upon leave to proceed in forma pauperis, the circuit court may by order specify some different and more economical manner by which the record on appeal may be prepared and settled, to the end that the appellant may be enabled to present his case to the Court of Appeals."

The petitioner argues that the application of RCr 12.63 operates to deny him due process and also denies him equal protection of the law in contravention of the requirements of the Fifth and Fourteenth Amendments to the Constitution of the United States.

The petitioner argues in substance that unless our rules concerning the makeup of the record for criminal appeals are changed so as to provide limitations on nonindigents that would equally apply to indigents, there is a constitutional infirmity. Since RCr 12.63, upon which the trial judge relied, directs itself to a forma pauperis proceeding, it would appear that this argument amounts to a plea to extend the decisions of the United States Supreme Court and to construe them to require this court to declare its own rule unconstitutional under the due process and equal protection requirements of the Fourteenth Amendment of the Constitution of the United States.

The "watershed" case concerning a state's duty toward an indigent defendant

where the state provides all defendants a criminal appeal is Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Griffin established these principles: (1) A state is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all; (2) A state that does grant appellate review may not do so in a way that *discriminates* against some convicted defendants on account of their poverty so far as the adequacy of review of claims of errors is concerned; (3) Although a state that does grant appellate review cannot do so in a way that discriminates against indigent convicted defendants, that does not mean that "it must purchase a stenographer's transcript in every case where a defendant cannot buy it;" (4) Special rules applicable to indigents may be properly made so long as they award the indigent adequate review of his claims of trial error.

In Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959), the Supreme Court merely held that an indigent defendant was as entitled to have his motion for leave to appeal considered by the Ohio Supreme Court without payment of a filing fee as was a nonindigent defendant who did pay the fee.

In Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), the Supreme Court considered a state system whereby the trial judge determined whether an indigent defendant's *claims of errors* were frivolous. The court did not condemn the state's treatment of appeals by indigents in a separate category. In the case before it, the trial judge had made a conclusionary finding that the guilt of each defendant was established by overwhelming evidence and that the furnishing of a transcript would result in a waste of public funds. The evidence upon which his conclusions were based was not described in his order. In Draper, the majority opinion stated: "A State need not purchase a stenographer's transcript in every case where a defendant cannot buy it."

It also made the following statement which is particularly applicable to many criminal appeals in this court:

"Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, *the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review.*" (Emphasis supplied).

There is certainly nothing in this language which indicates any intent on the part of the Supreme Court to hold that the appealing indigent defendant cannot be the subject of an appellate rule of procedure directed to forma pauperis appeals.

■ The constitutional requirement is only that the indigent must be given adequate appellate review of his claims of error if appellate review is accorded at all to any defendant.

In *Draper* a specific holding was that if Washington could show, in the light of the defendant's claims of error, that a narrative statement or only a portion of the transcript would be adequate and available

for appellate consideration of the indigent defendant's contentions that would be sufficient to satisfy Federal Constitutional requirements. The statement in the opinion that nothing in the holding "militates" against a state's formulation and application of operative nondiscriminate rules to both indigents and nonindigents in order to guard against frivolous appeals is illustrative dictum and certainly announces no constitutional mandate.

In the case before us, the trial judge directed a full transcript of the evidence. He did direct that the voir dire examination of jurors and the opening statements of counsel need not be transcribed. The defendant made no claim that any error, of constitutional proportions or otherwise, occurred during the voir dire or during opening statements of counsel. It is inconceivable that if the defendant was afforded even a modicum of "adequate representation by counsel", which is the primary responsibility of the state public defender to assure, the errors, if they had occurred, would not have been brought to the trial court's attention or at least alleged before this court in support of the application for the extraordinary order of .mandamus. There is not even the contention of a probability of error. Have we now reached the point where there is a rebuttable presumption of error and the burden is on the trial court of general jurisdiction to prove the nonexistence of possibility of error?

In criminal appeals before this court, we deal with indigent defendants who have been convicted and thereby lost the presumption that they are entitled to bail as a matter of right. The presumption of innocence has vanished. In most cases, therefore, they start to serve their sentences of confinement while their appeals pend. One of the greatest causes for delay in the disposition of appeals is applications to extend the time for filing the record in this court because overburdened court reporters cannot prepare the transcript in a reasonable time. When the transcript finally is filed, in too many instances much of it proves entirely unnecessary to the disposition of the defendant's contentions on appeal. The indigent defendant who has a meritorious appeal is thus relegated to serving a term of confinement which cannot be restored to him. The defendant with the meritless appeal who has persuaded the trial judge to grant bail pending the appeal is free to pursue a course of criminal conduct in some instances until his appeal is disposed of.

Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), goes no further than to hold that a distinction may not be drawn in the furnishing of transcript for the disposition of appeals between misdemeanor convictions and felony convictions. The Mayer case does, however, contain a concurring opinion by the present Chief Justice of the United States which states: ". . . there are alternatives in the majority of cases to a full verbatim transcript of an entire trial." This concurring opinion also says: "One need only examine briefs in appeals to see that at the appellate stage the area of conflict on the facts is generally narrow." The Chief Justice also makes this statement:

"Every busy court is plagued with excessive demands for free transcripts in criminal cases. My own experience over the years indicates that privately employed counsel are usually spartan in their demands because the client must pay his own costs. Unfortunately one consequence of the advent of the Criminal Justice Act and state counterparts is that when costs are paid by the public, counsel are sometimes profligate in their demands, or yield their professional judgment to the client's desires. This is more than a matter of costs. An affluent society ought not be miserly in support of justice, for economy is not an objective of the system; the real vice is the resulting delay in securing transcripts and hence determining the appeal. When excessive demands are made by an appellant in order to postpone the day when the appeal is finally determined,

because, for example, he is at liberty pending appeal, a lawyer who cooperates is guilty of unprofessional conduct."

 If a defendant or his counsel claims the occurrence of error during the voir dire, or during opening statements, the transcript must include those events. There is nothing constitutionally infirm in the reasonable regulation of appeals in forma pauperis so long as the indigent defendant is assured adequate and expeditious consideration of his contentions of error. Constitutional issues are not decided in a vacuum. The possibility of reversible error during the voir dire or the opening statement in the circumstances of this case is virtually nonexistent. To adopt the petitioner's abstract argument would encourage the waste of public money and delay finality in the disposition of criminal cases to the detriment of the affected defendant and society which deserves protection.

The petition for an order of mandamus is denied.

All concur.