Samuel Eugene POLK, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

July 21, 1978.

Discretionary Review Denied
Dec. 19, 1978.

Terrence Fitzgerald, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., James Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

Appellant was convicted of third-degree burglary and sentenced to serve a term of four years and three months in prison. Appellant has brought a direct appeal and presents three arguments as grounds for reversal.

1. The misapprehension of the juror, Richard Plappert, that Samuel Polk might be the same person who was involved with Curtis May in the robbery of Plappert's father, denied Polk his Sixth Amendment right to trial by an impartial jury.

2. The fact that a complete transcript cannot be furnished in this case, and that appellate counsel is different from trial counsel, is prejudicial to the defendant and violative of his right to effective assistance of counsel on appeal.

3. Under the evidence, Polk was entitled to an instruction on criminal trespass in the first degree.

The evidence pointing toward guilt in this case is substantial. Errors, if any, are generally less prejudicial in a strong evidentiary situation than they are in a weak evidentiary situation. Five witnesses testified for the Commonwealth. One witness testified that she observed the appellant enter the rear of the house next door and she called the police. Another neighbor testified to the effect that he observed a stranger at the house which was burglarized, and that he also attempted to call the police. A police officer testified that when he arrived to investigate, he saw the appellant run from the house in apparent flight. Another detective testified that he attempted to apprehend the appellant as he ran from the house. The homeowner also testified that the back door had been forced open, that the house had been ransacked, and that all of this had been done without her permission. The property owner testified that the only item missing was a gold symbol, which had been given to her husband when he purchased an insurance policy. The item had been sitting on a stand in the living room.

The appellant testified and merely denied the charge, attempting to establish an alibi that he was merely walking down the nearby street at the time he was apprehended shortly after the break-in.

During a recess in the trial, and at a time when the court reporter was not present, Richard Plappert, one of the jurors, approached the bench and indicated to the trial judge that he believed the appellant and another person had robbed his father. Appellant's trial counsel advised the juror that he had to be mistaken. The trial judge admonished the juror, and reminded him of his required duty to render a fair and impartial verdict. There is no transcript of the conversation with the juror, but immediately following the recess, there is recorded dialogue between the court, trial counsel and the prosecutor. Trial counsel moved to discharge the jury, but the motion for mistrial was overruled.

There can be no doubt that in a criminal prosecution, a defendant has the right to a trial by an impartial and unbiased jury. *Butler v. Commonwealth*, Ky., 387 S.W.2d 867 (1965). This right is also guaranteed by the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, and is also guaranteed by § 11 of the Kentucky Constitution. Normally, bias and impartiality are determined on *voir dire* when the jury is selected. Jurors may then be dismissed for cause or on preemptory challenges. When bias is apparent or

known before trial, and a juror is permitted to remain, the objection to the juror is waived. When such facts are not known and would not reasonably have been determined prior to the selection of the jury, no waiver is involved, and an objection may be raised upon discovery of the bias. *Tayloe v. Commonwealth,* Ky., 335 S.W.2d 556 (1960).

 It is incumbent upon the party claiming bias or partiality to prove the point. *Watson v. Commonwealth,* Ky., 433 S.W.2d 884 (1968). As was stated in *Watson, supra,* at p. 887, " . . . Under RCr 9.36, the question still is whether bias exists as a matter of fact, and it is not to be presumed." In reviewing the record, we cannot find where the appellant has shown any actual bias or prejudice by the juror. There is no evidence that there was any prejudice to his substantial rights to a fair and impartial trial. Several facts militate against the existence of actual bias or prejudice. The juror gave assurances on *voir dire* that he did not have reason to favor the Commonwealth, and that he could render a fair and impartial decision. The record reflects that trial counsel for the appellant indicated to the juror during the recess that his client was not involved in any robbery with a person named Curtis May, as was suspected by the juror. The record also reflects that the trial judge admonished the juror following the revelation, and reminded him of his duty to render a fair and impartial verdict. There is no indication whatsoever that at the time of the admonition there was any doubt about the juror's ability to serve in an unbiased and impartial manner. Also, as to any prejudicial effect from knowledge of other crimes, there is testimony in the record regarding the appellant's prior felony convictions which were introduced for purposes of impeachment. "Normally the trial court is allowed much discretion in determining the prejudicial effect of a juror's misconduct, particularly if there is an opportunity to give a curative admonition." *Butler, supra,* at 868.

We therefore conclude that there is no evidence of actual bias, and that the trial judge did not abuse his discretion in refusing to declare a mistrial.

The second error assigned by appellant relates to the fact that there was no transcript of the proceedings involving the conversation with the juror during the recess. It is argued that the appellant is entitled to a complete transcript and that anything less is prejudicial, especially since there is different counsel on appeal than at trial. If we accepted appellant's argument on this point, we would open the door for a reversal in any case where something was omitted from the complete record by merely allowing the defendant to use different counsel for his appeal.

The conversation which took place at the bench during the recess was not part of the regular evidence of the trial. The court reporter could not be expected to record the conversation without directions from the trial counsel or the trial judge to do so. This was not done, but the transcript of conversation between the trial judge and the trial counsel following the recess does indicate what took place.

 We cannot conclude that the failure to have a complete transcript of every word uttered during the trial impairs appellant's constitutional right to effective assistance of counsel on this appeal. The appellant has received the complete transcript of what was recorded, and the trial judge did take steps to see that the substance of the conversation with the juror was put in the trial transcript.

 In *Goins v. Meade,* Ky., 528 S.W.2d 680 (1975), our Supreme Court dealt at length with the question of providing complete trial transcripts. There exists no constitutional right to a complete transcript in all criminal cases. The mere fact that there is different counsel at trial and on appeal is not a ground for providing a complete transcript. Such is not a denial of equal protection and due process of the law. The opinion in *Goins, supra,* concluded at p. 684:

To adopt the petitioner's abstract argument would encourage the waste of public money and delay finality in the dispo-

sition of criminal cases to the detriment of the affected defendant and society which deserves protection.

Appellant cited the case of *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964), as authority for the point that an indigent was entitled to a complete transcript. We quote from *Hardy, supra,* 375 U.S. 277, at p. 281, 84 S.Ct. at p. 428:

> We deal here only with the statutory scheme and do not reach a consideration of constitutional requirements. We see no escape from the conclusion that either where the requirements of a nonfrivolous appeal prescribed by *Coppedge v. United States, supra,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 are met, or where such a showing is sought to be made, *and where counsel on appeal was not counsel at the trial,* the requirements placed on him by *Ellis v. United States, supra,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 *will often make it seem necessary to him to obtain an entire transcript.* (Emphasis added.)

■ The transcript available in this action is as complete as it can be. It is certainly complete enough that the appellate counsel can provide effective assistance. So long as the transcript is as complete as it can be made, and so long as it is complete enough for trial counsel to provide effective assistance on appeal, we will not be disposed to reverse cases because a new counsel is unable to provide effective assistance. Other ways to provide a complete and adequate record must be provided through the assistance and cooperation of the trial judge, the prosecutor and the trial counsel. We find no reversible error in this argument presented by the appellant.

■ The appellant's final argument is that it was error for the court to refuse to instruct the jury on criminal trespass in the first degree. Appellant argues that the recent Supreme Court opinion in *Martin v. Commonwealth,* Ky., 571 S.W.2d 613, (1978), is dispositive of the issue. We cannot agree and we find *Martin, supra,* and the cases cited therein to be distinguishable on their facts from the case at bar.

Martin was charged with and found guilty of first degree burglary. He was discovered in a home next door to his own house. Martin testified that the door was open, and that he thought someone had broken into the house. He claimed that he entered the dwelling to investigate the situation because he knew the occupant was not home. Martin readily admitted entering the house without permission, but he denied the commission of or intent to commit any crime. Martin's counsel moved for an instruction on criminal trespass, which was overruled. The court held it was reversible error.

The opinion in *Martin, supra,* cited *Trimble v. Commonwealth,* Ky., 447 S.W.2d 348 (1969), and *Harris v. Commonwealth,* Ky., 389 S.W.2d 907 (1965). Trimble was convicted of attempted rape and claimed that it was error to fail to instruct the jury on the offense of detaining a woman against her will with intent to have carnal knowledge. The opinion in *Trimble, supra,* at 350, reads in part, "When the prosecution adduces evidence warranting an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree even though the defendant presents the defense of alibi." The court affirmed the conviction and noted that nothing in the evidence tended to prove any lesser degree of the offense charged.

In *Harris, supra,* a murder conviction was reversed when the trial court failed to give an instruction on voluntary manslaughter. The court held that, "If a reasonable inference can be drawn from the evidence that the defendant in a homicide case is guilty of a lesser crime than murder, instructions should be given consistent therewith." *Harris, supra,* at 907–908. Although Harris used an alibi for a defense, the court nevertheless concluded that under the evidence presented in the case, it would be as reasonable to infer that he was as likely to be guilty of voluntary manslaughter as he was guilty of murder.

*Martin, supra,* holds that it is the duty of a trial court to instruct a jury on a lesser included offense when it is requested, and when it is justified by the evidence. We cannot say that it was error for the trial court in this action to refuse to give an instruction on criminal trespass, because the only reasonable inference to be drawn from the evidence is that the appellant is either guilty of burglary or nothing. Unlike Martin, the appellant never admitted being in the house. The house had been thoroughly ransacked, and the appellant was identified as the one running from the house as soon as the officers arrived. This is substantial evidence of an intent to commit a crime, and the evidence bears little resemblance to merely knowingly entering or remaining unlawfully in a dwelling, which are the only elements necessary for criminal trespass in the first degree. KRS 511.060.

Although appellant could not claim reversible error if the court had given an instruction on criminal trespass in this case, since the appellant requested the instruction, we might nevertheless anticipate that the appellant would have cried "foul," if the court had given a criminal trespass instruction over his objection. This is especially true if he had been found guilty of the lesser offense. Appellant's argument would then have been that since his defense was that he had never entered the dwelling, he was either guilty of burglary or nothing. The instruction on the lesser offense merely gave the jury an opportunity to find him guilty of something with an easy conscience.

There was no evidence presented of the lesser included offense, except such elements as are inseparable incidents of the offense charged. We cannot say that these inseparable incidents allow for a reasonable inference that the appellant was guilty merely of the lesser offense. There was no theory presented that a lesser included offense was committed. The evidence points to an intent to commit a crime, and the appellant offered no conflicting evidence. Appellant was not entitled to an instruction on a lesser included offense. *George v. Commonwealth,* Ky., 468 S.W.2d 296 (1971).

The judgment of the trial court is affirmed.

All concur.