**COMMONWEALTH of Kentucky, Movant,**

v.

**Mark Anthony SANDERS, Respondent.**

Supreme Court of Kentucky.

Feb. 28, 1985.

David L. Armstrong, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for movant.

Julie Namkin, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for respondent.

STEPHENSON, Justice.

Mark Anthony Sanders was convicted of second-degree burglary (KRS 511.030) and sentenced to five years' imprisonment. The Court of Appeals reversed for a new trial based on the refusal of the trial court to instruct on criminal trespass, KRS 511.-060. We granted discretionary review and reverse the decision of the Court of Appeals.

We discern a conflict between panels of the Court of Appeals in this Court of Appeals opinion and *Polk v. Commonwealth,*

Ky.App., 574 S.W.2d 335 (1978), rendered by a different panel.

The facts adduced at trial are as follows:

Three witnesses testified for the Commonwealth that Sanders, who was known in the neighborhood, was the man seen fleeing from the Thomas Green residence. Two of the witnesses saw Sanders, with a towel around his hand, break out the glass of a back window and jump out of the house. The third witness heard the glass break and saw Sanders jump a fence and run down an alley.

Green, the owner of the home, testified that a rifle, army jacket, and $200 to $300 worth of jewelry were missing. None of the items were recovered.

Sanders presented an alibi defense. The jury found him guilty of second-degree burglary. The Court of Appeals reversed the conviction on the ground that a "criminal trespass" instruction should have been given by the trial court.

First-degree criminal trespass, KRS 511.060, differs from second-degree burglary, KRS 511.030, only to the extent that the burglary statute requires "with intent to commit a crime." This phrase is not included in the criminal trespass statute.

In *Martin v. Commonwealth,* Ky., 571 S.W.2d 613 (1978), involving conviction for a burglary, we reversed for the failure of the trial court to give a criminal trespass instruction. There the defendants admitted entering the dwelling but denied committing a crime in the house or intending to do so. They testified to entering the house to investigate an apparent break-in, also that they were too drunk to form culpable intent. The Court of Appeals equated this case with *Martin* in requiring a criminal trespass instruction.

A different Court of Appeals panel considered this question in *Polk.* There the defendant denied the charge of burglary and presented an alibi defense. The house had been ransacked, and there was testimony that the defendant was seen entering and leaving the house. This panel of the Court of Appeals held that in the circum-

stances of the case it was not error to refuse to give a criminal trespass instruction. *Polk* distinguished *Martin* on the basis of the alibi defense.

 The factual situations here are markedly similar, and we are of the opinion *Polk* correctly construed our holding in *Martin*. In *Martin* we held in effect that the trial court is required to instruct on the defendant's theory of the case. This is another way of saying the trial court must instruct the jury according to the evidence. Here, Sanders' defense was alibi. We do not have testimony or circumstances that the jury could infer that there was presence in the house with no intent to commit a crime. There was testimony that articles of value were taken. Ordinarily, the Commonwealth need only show that the defendant entered or remained in the dwelling unlawfully. This showing permits the jury to infer intent to commit a crime in the absence of other facts which would justify the lesser degree instruction. Cf. *Patterson v. Commonwealth*, 251 Ky. 395, 65 S.W.2d 75 (1933), which illustrates the long-standing rule in burglary cases that proof of the act of entering creates the inference of criminal intent. We are not saying that in some circumstances a criminal trespass instruction would not be required even when the defense is alibi.

We are of the opinion the trial court properly refused to give a criminal trespass instruction.

The other assertions of error are not preserved for appellate review.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

All concur.