## Scott v. Commonwealth.

Feb. 10, 1942.

Chas. B. Spicer for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Otis Scott appeals from a judgment of conviction of voluntary manslaughter and fifteen years' imprisonment for the killing of James Brock. A reversal is sought on the ground that the court committed error in limiting the defendant's right to shoot and kill to the defense of himself against danger of death or harm at the hands of Brock alone instead of against him and his companions acting in concert.

Scott and three other young men and a woman went to a road house called "Holly's" near Cumberland, Harlan County, on the night of March 31, 1941. Brock and two other young men and three girls arrived there shortly before midnight. It appears that both groups were drunk in more or less degree. They knew one another but it does not appear there was any intimate friendship between the members of the respective groups nor any previous trouble.

The Commonwealth's evidence is that when one of the young men of Brock's party, assisted by Lucille York, pushed their Ford backward to get it started, it was in gear and ran back close to or against Scott and Maggie Adams. Lucille apologized, but Scott drew his pistol and, although she told him if he was going to shoot anybody to shoot her, he deliberately shot and wounded Brock while he was unarmed and committing no assault. Nor was anybody else in his party making any effort to harm Scott. Brock died about three days later.

The defendant's evidence is directly opposite. It is to the effect that not only did Brock but another, or perhaps two others, in his party opened fire on Scott. He returned the fire apparently without knowing who was shooting at him since it was too dark to identify the persons individually. Several witnesses living or being near by testified that, judged by the sound principally, but in part by what they saw, there were three pistols firing at the time and 12 or 18 shots were fired. This evidence established that the defendant was assailed not only by Brock but also by his companions.

The law is that one in apparent danger at the hands of others acting in concert has the right to use such means as is necessary or reasonably appears to him to be necessary to avert the danger and to fire in his own defense at any of his assailants. When the evidence tends to establish that condition the court should so in-

struct the jury. It is error to limit the exercise of his right of self-defense only against the person who is killed or wounded as the case may be. Stanley on Instructions to Juries, Section 900; Watkins v. Commonwealth, 123 Ky. 817, 97 S. W. 740; 29 R. 1273; Buttery v. Commonwealth, 211 Ky. 23, 276 S. W. 969. It is different if the defendant did not appear to be in danger from the companions of the deceased or there was no concert of action on the part of his assailants. O'Hara v. Commonwealth, 164 Ky. 403, 175 S. W. 637; Griffin v. Commonwealth, 204 Ky. 783, 265 S. W. 327. We think it was prejudicial error to restrict the defendant's right of self-defense as against the assault of the deceased only.

Judgment reversed.