**Marvis (Tobey) HELTON, Appellant,**

v.

**The COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

June 1, 1956.

James C. Brock, H. M. Brock & Sons, Harlan, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Marvis (Tobey) Helton, was convicted under an indictment charging him with malicious shooting and wounding with intent to kill. He was sentenced to confinement in the county jail for a period of one year and fined the sum of $50.

On this appeal only one assignment of error is made and that is directed toward Instruction No. 4, which reads as follows:

"If the defendant, Marvis (Tobey) Helton, shot and wounded Levi Caldwell in his apparently necessary self-defense, then the jury should find him not guilty, for the law allows in the necessary self-defense such means as are necessary, and defendant, in the selection and use of the means was necessarily permitted to exercise his own judgment, and could act from appearances, so that he acted reasonably, and if, at the time the defendant, Marvis (Tobey) Helton, shot at and wounded Levi Caldwell, if he did so, he believed and had reasonable grounds to believe that his person was in imminent danger of great bodily harm, whether it endangered life or not, or if it reasonably appeared to him at said time and he was in such danger at the hands of the said Levi Caldwell, unless he resorted to the means used, then the use of the means was justifiable, and the jury should find defendant not guilty."

Appellant contends that under well established law, where a defendant was engaged in an altercation in which he was assailed by more than one adversary and where he asserted his right to self-defense, the court should instruct on his right to self-defense as to each and all assailants, and that the court, under the above instruction, failed to properly embody this theory. See Campbell v. Commonwealth, 13 Ky. 17, 16 S.W. 127; Bates v. Commonwealth, 19 S.W. 928, 14 Ky.Law Rep. 177; Helton v. Commonwealth, Ky., 87 S.W. 1073; Slone v. Commonwealth, Ky., 110 S.W. 235; Magan v. Commonwealth, Ky., 119 S.W. 734; Watkins v. Commonwealth, 123 Ky. 817, 97 S.W. 740; Bowling v. Commonwealth, Ky., 126 S.W. 360; Hall v. Commonwealth, 162 Ky. 439, 172 S.W. 667; Lucas v. Commonwealth, 141 Ky. 281, 132 S.W. 416; Osborne v. Commonwealth, 242 Ky. 574, 46 S.W.2d 1066; Buttery v. Commonwealth, 211 Ky. 23, 276 S.W. 969.

There was some proof in this case introduced by appellant, which was contradicted

by the testimony offered by the commonwealth, that Helton was being attacked by two assailants and, as we have said, our sole question is whether the above quoted instruction properly submitted to the jury appellant's right, when in apparent danger at the hands of others acting in concert, to use such means as were necessary or reasonably appeared to him to be necessary to avert the danger and to fire in his own defense at any of his assailants. See Scott v. Commonwealth, 289 Ky. 436, 159 S.W.2d 13.

We have concluded, but not without difficulty, that the above quoted instruction does not sufficiently submit the law of the case in situations where multiple assailants are involved.

Upon retrial, under similar evidence, an instruction along the lines laid down in Stanley's Instructions, § 900, page 1204, will afford a workable pattern.

Judgment is therefore reversed.