**Finis CARNES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1970.

Miller, Griffin & Marks, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Finis Carnes, was convicted by a jury of voluntary manslaughter and sentenced to the maximum of 21 years. From a judgment entered pursuant to that verdict, he appeals and we reverse.

Mr. Carnes and Mr. and Mrs. Larry Williams were neighbors living in a mobile home park. On the evening of July 12, 1968, appellant received a telephone call from Mrs. Williams requesting that he drive from Lexington to Frenchburg and bring her back to her home in Lexington. Appellant made the jaunt. A few moments after Carnes and Mrs. Williams had arrived near her mobile home Williams and his two brothers drove into the mobile home park and saw Carnes in the front seat of his automobile with Mrs. Williams. Williams immediately got out of the car and he and his two brothers advanced toward the appellant. A fight ensued between Larry Williams and Carnes in which Williams was fatally shot.

Appellant contended at the trial that he meant only to hit Williams with the gun and not to shoot him, and that he was in fear of death or bodily harm from Williams and his brothers. To determine this issue, the following instruction was given to the jury:

"* * * if you further believe from the evidence that when he did so, he believed and had reasonable grounds to believe that he was then in danger of death or some other great bodily harm about to be inflicted upon him *by said Larry Williams,* then he had the right to use such

means as in reason appeared to him to be necessary to avert the impending danger real or to him apparent, even to the extent of so shooting and killing Larry Williams, and in this event you shall return a verdict of not guilty." (Emphasis ours.)

Appellant made timely objection to the instruction and on appeal contends it was erroneous.

Appellant's theory is that he was entitled to a self-defense instruction based upon his fear of decedent's brothers as well as fear of the decedent. Carnes testified, "I knew he was going to jump on me because he had already hit me * * *." He also testified that "I knew they (the brothers) were all three going to jump on me", and "I was intending to knock him (deceased) down and then turn and knock another one down." Appellant relies on Martin v. Com., 299 Ky. 1, 184 S.W.2d 234 (1944); Lee v. Com., 305 Ky. 734, 205 S.W.2d 509 (1947); Gross v. Com., 299 Ky. 518, 186 S.W.2d 190 (1945) and Small v. Com., Ky., 257 S.W.2d 906 (1953). The Commonwealth asserts that these cases can be distinguished because they concern parties acting in concert and were all "actively involved" in the altercation to do harm to the defendant but here the brothers were not acting in concert with the deceased to harm appellant.

■ In Johnson v. Com., 268 Ky. 555, 105 S.W.2d 641 (1937), and cases cited therein, we wrote that when a defendant admits he committed the deed charged, and attempts to justify or excuse the act, his theory of the case must be presented to the jury in appropriate instructions. In Griffin v. Com., 204 Ky. 783, 265 S.W. 327 (1924), we held that an instruction on self-defense is erroneous if it does not submit the right of the defendant to protect himself from the deceased and others acting in concert. In Martin v. Com., 299 Ky. 1, 184 S.W.2d 234 (1944), we reviewed a case in which "The self-defense instruction was in the usual form, but limited the jury to consideration of the right of defendant to shoot and kill, in the event he believed and had reasonable grounds to believe that he was in danger of death or great bodily harm at the hands of Billie Martin, Jr." (Basically the same instruction given in the instant case.) In reversing for a new trial, we suggested that the instruction laid down in Vol. 3, Stanley's Instructions to Juries, 1204, Sec. 900 would afford a more workable pattern. Without benefit of an instruction regarding appellant's fear of the group approaching him, appellant did not have his theory of the case presented to the jury.

■ At trial the court refused to permit the appellant to introduce testimony that the deceased within a few hours before the shooting had made profane remarks (which were not threats); was extremely angry and had been very hostile toward his wife. He had left her in Frenchburg after refusing to drive her home. He took their children to his mother's home. Information concerning this was communicated to Carnes by Mrs. Williams. Appellant argues that this testimony was admissible and that he was prejudiced by its exclusion. We agree.

■ It has long been recognized that evidence of a threat made by the deceased with respect to the accused should be admitted on a plea of self-defense. It has also been held that it is permissible for the accused to testify as to knowledge which he had obtained prior to the killing as to improper relations existing between the deceased and female relatives of the accused. See Shepherd v. Com., 119 Ky. 931, 85 S.W. 191 (1905) and Shipp v. Com., 124 Ky. 643, 99 S.W. 945, 10 L.R.A.,N.S., 335 (1907). Also see Wheeler v. Com., 120 Ky. 697, 87 S.W. 1106, 27 Ky.Law Rep. 1090 (1905), and Commonwealth v. Girkey, 240 Ky. 382, 42 S.W.2d 513 (1931). Commonwealth v. Thomas, Ky., 104 S.W. 326, 31 Ky.Law Rep. 899 (1907), stated:

"This court has frequently held that the ground upon which threats are admitted, which are not actually directed against

**598**

the defendant, or even communicated to him, is that they show the state of mind of the deceased preceding the killing, and may be heard by the jury for the purpose of determining who was the aggressor, the deceased or the accused. White v. Commonwealth, 120 Ky. 178, 85 S.W. 753; Young v. Commonwealth, Ky., 42 S.W. 1141, 19 Ky.Law Rep. 929."

■ Evidence of the mental attitude of the accused is germane to the issue of self-defense. In Choate v. Com., 176 Ky. 427, 195 S.W. 1080 (1917), we said:

"And so it is generally held that evidence of information conveyed to the defendant by others, or obtained through his personal observation shortly before the act, is admissible if it is of such a nature as to naturally and reasonably affect his mental poise to an extent that it would render him irresponsible while acting under its influence."

We wrote in Fannon v. Com., 295 Ky. 817, 175 S.W.2d 531 (1943):

"It is relevant and competent to prove any information or knowledge which came into the possession of the accused which might have induced his or her condition of mind or explain his or her conduct. It is competent to prove every statement, act and circumstance made, committed or existing a reasonable time before the crime charged which had been conveyed to the accused or of which he or she had personal knowledge if they tend to affect the mental state of the defendant at the time."

Under the circumstances existing here with the wife involved, the offered evidence was related to the events leading to the homicide and should have been admitted to show the state of mind of Larry Williams and the justification of Carnes' fear. "In all cases, where it has reasonably appeared that the admission of such evidence would throw light upon * * * these questions * * * it has been held error on the part of the trial court to exclude

it." Gabbard v. Com., 154 Ky. 140, 156 S.W. 1037 (1913). See 40 Am.Jur.2d 589, Homicide, section 320. On another trial if this testimony is offered it should be admitted.

We reverse for a new trial consistent with this opinion.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, PALMORE and REED, JJ., concur.