Robert Anthony HAYES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–SC–46–DG.

Supreme Court of Kentucky.

Dec. 22, 1993.

As Modified on Denial of Rehearing March 24, 1994.

Richard L. Receveur, Louisville, for appellant.

Chris Gorman, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed the circuit court judgment of conviction based· on a jury verdict which found Hayes guilty of reckless homicide. He was sentenced to five years in prison.

The sole issue on appeal is whether it was reversible error for the trial judge to refuse to instruct the jury on the law of self-protection where multiple aggressors acting in concert are involved and where the current Kentucky Penal Code does not address the question.

Hayes and others were robbed in the parking lot of a liquor store at gunpoint. After one of the robbery victims was shot as he attempted to flee, three liquor store employees armed themselves and engaged in a gun battle with the robbers who fled and disappeared into the adjoining neighborhood. At this point the evidence for the prosecution and the defense diverge.

The Commonwealth argues that the occupants of the automobile in which the deceased was riding were in the area to buy marijuana and Hayes mistook them for robbers. The defense contends that Hayes retrieved a gun from his car fearing that the robbers would return. His attention was then drawn to an automobile which screeched to a halt on the street in front of the liquor store and backed up. He claims he thought the automobile might contain the robbers and approached the car to obtain the license number. At that point, one of the robbers who had held Hayes at gunpoint on the ground emerged from between two buildings and ran toward the automobile. The robber fired at Hayes who returned fire. Hayes' bullet missed its target and killed an occupant of the car. The trial judge rejected tendered instructions by Hayes on self-defense. The Court of Appeals did not reach the question of self-protection against multiple aggressors acting in concert because it found insufficient evidence to support Hayes' belief that force was necessary to protect himself from a fleeing suspect. This Court granted discretionary review.

The refusal by the trial court to instruct the jury on a qualified right to self-defense under the circumstances amounts to reversible error. The question of whether Hayes was an aggressor is the proper subject for jury instruction and response.

The right of self-defense is subjective. "The need for self-defense must be viewed subjectively from the standpoint of the accused, not objectively from the standpoint of a reasonable person...." *Commonwealth v. Rose*, Ky., 725 S.W.2d 588, 592 (1987). K.R.S. 503.050 substitutes a subjective, rather than an objective test, as to the reason-

ableness of the belief that the use of force is necessary for self-protection. *Baker v. Commonwealth,* Ky., 677 S.W.2d 876, 878 (1984). As admitted by the Commonwealth, all of the case law and tendered instructions relied upon by Hayes are pre-Penal Code in nature. The question of multiple aggressors is not considered in the 1975 Penal Code, in Palmore & Lawson, *Instructions to Juries in Kentucky,* Vol. 1 (1975 Ed.) or in the 1993 Fourth Edition of that work. However, the cases upon which Hayes relies have not been overruled and have consistently held that a person is entitled to such an instruction when one is justified by the evidence.

In a situation where the defendant admits to conduct which constitutes the essential elements of an offense, but relies on circumstances amounting to an avoidance of the actual crime, or which may have the ultimate effect of excusing criminal intent, such defendant is entitled to a concrete or definite and specific instruction on the defendant's theory of the case. A general instruction is not sufficient. *Evitts v. Commonwealth,* 257 Ky. 586, 78 S.W.2d 798 (1935); *Morgan v. Commonwealth,* 242 Ky. 116, 45 S.W.2d 850 (1932).

*Carnes v. Commonwealth,* Ky., 453 S.W.2d 595 (1970), holds that where a defendant admits he committed the offense charged and attempts to justify or excuse his act, his theory of the case must be presented to the jury in an appropriate instruction. An instruction on self-defense is erroneous if it does not submit the right of the defendant to protect himself from the deceased and others acting in concert.

In addition to *Carnes, supra,* other pre-Penal Code cases support this conclusion. *Owens v. Commonwealth,* Ky., 430 S.W.2d 325 (1968); *Helton v. Commonwealth,* Ky., 291 S.W.2d 40 (1956); *Scott v. Commonwealth,* 289 Ky. 436, 159 S.W.2d 13 (1942); *Cottrell v. Commonwealth,* 271 Ky. 52, 111 S.W.2d 445 (1937); and *O'Hara v. Commonwealth,* 164 Ky. 403, 175 S.W. 637 (1915). The fact that the penal code and learned texts on instructions do not address the question is understandable. The legislature did not provide within the structure of the Penal Code for an instruction which would address the situation of multiple aggressors as found here.

The jury instructions must be complete and the defendant has a right to have every issue of fact raised by the evidence and material to his defense submitted to the jury on proper instructions. *Commonwealth v. Sanders,* Ky., 685 S.W.2d 557 (1985); *Grissom v. Commonwealth,* Ky., 468 S.W.2d 263 (1971); RCr 9.54(1).

Hayes testified at trial and stated that a robber with a white mask stole his wrist watch and car keys. He told the jury that he ran to his car to retrieve his Desert Eagle semi-automatic .44 magnum as the robber ran around the front of the store while exchanging gunfire with a store employee. Hayes explained that during that time a white car ran a stop sign and stopped abruptly in front of the liquor store. Hayes stated that he ran to the corner and saw the person who had robbed him trying to get into the white car. Hayes further testified that when he was noticed, he was fired at, returned fire and that his return fire caused the death of a passenger in the car.

The Commonwealth presented differing evidence to establish its theory that the occupants of the automobile in which the deceased was riding were there to buy marijuana and that Hayes mistook them for the robbers. Hayes, on the other hand, believed that the deceased had been acting in concert and complicity with the robbers. Therefore, he maintained that the shooting was justifiable on the grounds of self-defense based on a theory of multiple aggressors. Accordingly, Hayes claims that because they were acting in concert, force could be used against any or all of them. Thus Hayes tendered an instruction on self-protection taken from Stanley, *Kentucky Instructions to Juries,* Vol. 3, Section 900 (1957 Ed.). Following a lengthy discussion, the trial judge rejected the requested instruction.

The Commonwealth argues that Hayes was safe and was not retreating when he ran to his car and obtained the weapon. The Commonwealth suggests that when he ran to the corner looking for the robber, he became the aggressor. Hayes testified that "No one

was holding a gun or shooting at him" while he retrieved his gun from his automobile. Hayes' theory of the incident was that when he ran to the corner, he was attempting to get a license plate number and he had his gun to protect himself because of the war-zone-like atmosphere. When the robber, who was attempting to flee, noticed Hayes, he fired at him and Hayes returned the fire.

In this situation, there were multiple armed robbers who had dispersed and gunfire was coming from different directions. As noted by a 911 call played at trial, it was like a war zone. Under the circumstances, Hayes could have believed that there was no safe harbor. One witness testified that he fired twelve rounds of ammunition, and gunfire came from in front of and behind him.

The Penal Code effective in 1975 provides for the use of self-defense or for the use of force in protection of others. K.R.S. 503.050; K.R.S. 503.070. In this situation, under the totality of the circumstances, an argument can be made that the deceased was involved in the robbery of Hayes and was acting in complicity with other robbers who shot at Hayes. Whether Hayes was justified to use self-defense which resulted in the killing of the occupant of the car is a jury question.

It is the holding of this Court that the question of self-protection against multiple aggressors acting in concert, when supported by sufficient evidence, should be given to the jury. We believe there was sufficient evidence in this case to support such an instruction. The adoption of the present Penal Code has not rendered such an instruction unnecessary.

The decision of the Court of Appeals is reversed and this case is remanded to the circuit court for a new trial.

STEPHENS, C.J., and LAMBERT and REYNOLDS, JJ., concur.

LEIBSON, J., dissents by separate opinion in which SPAIN, J., joins. STUMBO, J., not sitting.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Nothing in the Penal Code provided Hayes with justification to pursue after and shoot at a fleeing person even if a felon. See KRS Ch. 503, General Principles of Justification. Under the Penal Code, the "need" for self-defense need only be subjective. But pursuing (with a gun) and shooting at a fleeing felon does not *qualify* as perceiving a need to defend oneself. At the point where Hayes pursued he became the aggressor and, even though he claims to have been returning fire at the time of the offense, this claim is no defense to the charge. KRS 503.120(2), recklessness in perceiving the need for self-defense, only applies when a person's actions qualify as acting in self-defense under circumstances expressed in KRS 503.050 to KRS 503.110, none of which is applicable here.

As stated in the Majority Opinion, the cases upon which Hayes relies in seeking a "multiple aggressors" defense instruction "have not been overruled"; but they are invalidated by the change from the common law, which permitted a private citizen to pursue and subdue a fleeing felon by force, to the Penal Code which does not sanction such conduct. The common law is replaced by the Penal Code where it applies. KRS 500.020. Defenses, like offenses, are statutorily defined, and statutorily limited. The defendant's "excuse [for] his act" must be conduct of a type the law recognizes as an "excuse." Even if the victim and the persons in the car were all in on the robbery, "multiple aggressors" as Hayes claims, the Penal Code provides no justification for shooting in the direction of the car.

Hayes testified he ran to look at the car to see if it may have been the robbers; he did *not* testify his purpose was to check on the license plate. This was simply counsel's argument pushing the envelope on the facts.

The Commonwealth's Brief says:
"He [Hayes] told the jury that he ran to his car to retrieve his Desert Shield automatic 44 magnum as the robber ran around the front of the store while exchanging gunfire with Lawrence. Appellant explained during that time a white car ran a nearby stop sign and stopped in front of the store. When he ran to the

corner, appellant saw the robber trying to get into the car. When noticed, gunfire was exchanged and one of appellant's bullets resulted in the death of John Payne, a passenger in the car."

This more accurately summarizes the trial testimony.

Hayes ran after an armed felon who ran to a car to try to escape. Whether his intention was to stop the felon's escape by force, or only to get the license number of the vehicle, is irrelevant. Whereas before the Penal Code Hayes could pursue and shoot if necessary without becoming the aggressor, and if his shot struck another in the car who was in on the robbery, the shooting was justified because such person qualified as a "multiple aggressor," this state of the law is now history (for better or worse). The trial court so held, and the Court of Appeals so held. We should feel obliged by the law to do likewise, rather than to distort the Penal Code with our own Old West version of self-defense.

SPAIN, J., joins this dissent.