RENDERED: DECEMBER 15, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0441-MR

RICO L. CAVANAUGH                                      APPELLANT

|  | ON APPEAL FROM TRIGG CIRCUIT COURT |
| V. | HONORABLE C.A. WOODALL III, JUDGE |
|  | NO. 19-CR-00057 |

COMMONWEALTH OF KENTUCKY                         APPELLEE

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>AFFIRMING</u>**

A Trigg Circuit Court jury found Rico Cavanaugh guilty of first-degree assault and being a persistent felony offender in the first degree. He was sentenced to thirty-four years in prison. Cavanaugh appeals to this Court as a matter of right.[1] He claims the trial court erred first, in its application of Marsy's Law and second, when it refused to grant lesser-included instructions to the charge of assault in the first-degree. Finding no error, we hereby affirm the judgment of the trial court.

## I.      FACTS AND PROCEDURAL BACKGROUND

On June 8, 2019, Cavanaugh and his wife, Missy Cain, went to his mother's house and waited for her to return home. Upon her arrival they

---

[1] Ky. Const. § 110(2)(b).

planned to visit Cavanaugh's cousin who had recently lost a son. Missy and Cavanaugh waited for his mother in the back bedroom of his mother's house watching television, while Missy scrolled through Facebook on her cellphone.

Unexpectedly, Cavanaugh rolled on top of her and started choking her. He released her and then got up and asked her if she wanted to go outside and smoke. Missy followed him into the kitchen where he picked up a knife and locked the door. He turned around and accused her of cheating on him. Despite her fervent denials, Cavanaugh said "There is no other way, Missy. And there's no sense in screaming because can't nobody hear you."

Missy stood there in the kitchen while Cavanaugh stabbed her twenty-six times. He pierced every major organ with the exception of her heart. After he finished stabbing her, he repeatedly punched the left side of her body breaking eight of her ribs. He told her to "Go over and lay in front of the washer and dryer and bleed to death, bitch." As she lay on the floor bleeding, she begged him to call 911. Cavanaugh eventually relented and called.

When the police arrived, Cavanaugh admitted to stabbing Missy. The police arrested him and charged him with assault in the first degree. Cavanaugh was indicted for assault in the first degree and being a persistent felony offender in the first degree. He was arraigned in Trigg Circuit Court on September 12, 2019. At trial, the Commonwealth requested that Missy be permitted to remain in the courtroom during the trial despite the invocation of KRE[2] 615, the rule mandating the separation of witnesses. Cavanaugh

---

[2] Kentucky Rules of Evidence.

objected but the trial court overruled him. The trial court allowed Missy to be present during the trial, noting that Marsy's Law allows a victim to be present during the proceedings. At the close of evidence, Cavanaugh tendered instructions for assault in the second-degree and assault under extreme emotional disturbance, which the trial court rejected. There was a one-day trial on August 9, 2021, and Cavanaugh was found guilty on both counts. The jury recommended a sentence of thirty-four years, which the trial court then imposed. We now address the merits of the appeal.

## II.    ANALYSIS

Cavanaugh argues the trial court erred when it allowed Missy to be present during the trial and observe other witnesses' testimony prior to her testifying in this case. Cavanaugh also claims the trial court erred when it referred to Missy as a "victim" in front of the jury. Additionally, he argues the trial court should have instructed the jury on lesser-included offenses. Finally, Cavanaugh urges this Court to reverse under the cumulative error doctrine.

**A. The trial court did not err in its application of Marsy's Law.**

Marsy's Law, as it is commonly known, is a constitutional amendment that was ratified by the voters in the fall of 2020. It is codified as Section 26A in Kentucky's Constitution and entitled "Rights of victims of crimes." At issue in this case is the right of the victim to be "present at the trial and all other proceedings, other than grand jury proceedings, on the same basis as the accused." Ky. Const. § 26A.

3

Cavanaugh argues that this constitutional provision runs afoul of KRE 615. This rule is widely recognized as an important tool that undergirds the truth-seeking process in the judicial system. The purpose of the rule is to ensure that witnesses do not alter their testimony based on the testimony of other witnesses. *Hatfield v. Commonwealth*, 250 S.W.3d 590, 594 (Ky. 2008). KRE 615 calls for the separation of witnesses and states:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses and it may make the order on its own motion. This rule does not authorize exclusion of:
>
> (1) A party who is a natural person;
>
> (2) An officer or employee of a party which is not a natural person designated as its representative by its attorney; or
>
> (3) A person whose presence is shown by a party to be essential to the presentation of the party's cause.

While Cavanaugh is correct that KRE 615 and Section 26A of the Kentucky Constitution conflict with each other he is wrong when he argues KRE 615 should take precedence over a provision of the Kentucky Constitution. Instead, this Court has held that "constitutional rights prevail over conflicting statutes and rules." *Commonwealth v. Barroso,* 122 S.W.3d 554, 558 (Ky.2003). Normally this Court addresses constitutional rights in the context of vindicating the rights of the *accused.* However, this principle remains the same where, under Marsy's Law, a victim has constitutional rights as well.

Importantly, however, in the event an application of Marsy's Law should violate a defendant's federal constitutional rights, then this Court would be compelled to remedy such a violation. U.S. Const. art. VI, cl. 2. Cavanaugh,

however, cannot point to any authority stating KRE 615 is constitutionally required and is unable to point to any prejudice caused by the trial court permitting Missy to remain in the courtroom. Missy was the only witness who testified to the events leading up to the assault and the assault itself. We are at a loss to understand how Missy's testimony could have been influenced by the testimony of the other witnesses because she was the only witness at trial who was present when she was assaulted.[3]

Cavanaugh also contends that the trial court erred by calling Missy a victim. He argues the trial court created an inference of guilt when it called Missy a "victim." At the beginning of the trial, when referring to Missy, the trial court explained to the jury:

> And the other exception is that the victim of a crime does have a right to be present under a relatively new statute and constitutional amendment, and so, she may come and go in the courtroom as she sees fit.

Cavanaugh objected to Missy's presence in the courtroom. However, he did not object when the trial court referred to her as a "victim." Nor did Cavanaugh request an admonition from the court instructing the jury not to make an inference against Cavanaugh's presumption of innocence.[4] In fact, defense counsel referred to Missy as a victim some thirty minutes later during his questioning of a witness.

---

[3] While this case raises no issues of prejudice to Cavanaugh, there may arise concerns for due process relating to the testimony of victims in the future. The best course of action is for trial courts to have the victim testify first so that no question of improper influence on their testimony occurs. KRE 611.

[4] The trial court instructed the jury to afford Cavanaugh the presumption of innocence when deliberating on the guilt and persistent felony offender phase.

5

As such, this issue is unpreserved. Consequently, this Court will review this issue using the palpable error standard under RCr[5] 10.26. *Early v. Commonwealth,* 470 S.W.3d 729, 737 (Ky. 2015). For an error to be palpable it must be "easily perceptible, plain, obvious and readily noticeable." *Brewer v. Commonwealth,* 206 S.W.3d 343, 349 (Ky. 2006). An unpreserved error may be corrected on appeal if failure to do so would cause a manifest injustice. *Commonwealth v. Goss,* 428 S.W.3d 619, 626-27 (Ky. 2014). This is an error that if it remained uncorrected, there would be a likelihood of a different result, or call into question the defendant's right to due process. *Id.* at 627.

This Court has held that it does not unduly prejudice the defendant or invade the province of the jury when a prosecutor calls an alleged victim a "victim" in front of the jury and that it is no more prejudicial to the defendant than the reading of the indictment. *Whaley v. Commonwealth,* 567 S.W.3d 576, 590 (Ky. 2019). And yet trial courts should refrain from referring to an alleged victim as a "victim." Trial courts must exercise great caution when balancing the rights of an alleged victim under Marsy's Law and the fundamental rights of the accused.

Here there was no palpable error. Cavanaugh's argument that the trial court upended the presumption of innocence when it called Missy a victim holds little water when Cavanaugh also referred to her as a "victim." In fact, counsel for Cavanaugh conceded during his opening statement that Cavanaugh assaulted Missy. While counsel adopted that approach as a

---

[5] Kentucky Rules of Criminal Procedure.

plausible trial strategy to argue for lesser-included offenses, it is a concession that Missy was certainly a victim of *some* crime. The evidence was so overwhelming for Cavanaugh's guilt that there is no likelihood of a different result, therefore the trial court did not commit palpable error which would require reversal.

**B. The trial court did not abuse its discretion when it declined to instruct the jury on lesser-included offenses.**

Cavanaugh next argues that the trial court erred when it refused to instruct the jury on assault under extreme emotional disturbance and assault in the second-degree. We review the trial court's decision declining to instruct the jury on lesser-included offenses using the abuse of discretion standard. *Harris v. Commonwealth,* 313 S.W.3d 40, 50 (Ky. 2010) (citing *Crain v. Commonwealth,* 257 S.W.3d 924 (Ky. 2008)). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999).

The trial court's duty is to instruct the jury on the whole law of the case consistent with the evidence presented at trial. *Taylor v. Commonwealth,* 995 S.W.2d 355, 360 (Ky. 1999). Defendants are entitled to an instruction on any defense that is supported by the evidence. *Hayes v. Commonwealth,* 870 S.W.2d 786 (Ky. 1993). This includes instructing on lesser-included offenses. *Swain v. Commonwealth,* 887 S.W.2d 346, 348 (Ky. 1994). And though "a lesser included offense is not a defense within the technical meaning of those terms as used in the penal code, it is, in fact and principle, a defense

7

against the higher charge." *Slaven v. Commonwealth,* 962 S.W.2d 845, 856 (Ky. 1997). And yet an instruction for a lesser-included offense is only required if, "considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that the defendant is guilty of the lesser offense." *Caudill v. Commonwealth,* 120 S.W.3d 635, 668 (Ky. 2003).

Cavanaugh first contends that the trial court erred by not instructing the jury on assault under extreme emotional disturbance (EED). He argues the jury could have reasonably concluded that Cavanaugh snapped because he thought that Missy was potentially cheating on him. This Court has defined extreme emotional disturbance as:

> a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes. It is not a mental disease in itself, and an enraged, inflamed, or disturbed emotional state does not constitute an extreme emotional disturbance unless there is a reasonable explanation or excuse therefor, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under circumstances as defendant believed them to be.

*McClellan v. Commonwealth,* 715 S.W.2d 464, 468-69 (Ky. 1986). An EED defense is essentially the adoption by the legislature of the concept of a "crime of passion." *Driver v. Commonwealth,* 361 S.W.3d 877, 888 (Ky. 2012). A necessary component to EED is adequate provocation, a concept often referred to as a "triggering event." *Foster v. Commonwealth,* 827 S.W.2d 670, 678 (Ky. 1991). The event that triggers the violence must be sudden and uninterrupted.

8

*Id.* And yet the triggering event must be based on some "definite, non-speculative evidence." *Padgett v. Commonwealth,* 312 S.W.3d 336, 341 (Ky. 2010).

Cavanaugh urges this Court to regard his statement accusing Missy of conducting an affair as a sufficient triggering event to establish EED when he assaulted his wife. And yet since Cavanaugh did not testify, the adequacy of the evidence of this affair remains speculative at best. Nothing in the record suggests there actually was an affair, how he learned of the affair, and how long was he aware of Missy's purported affair. Without a sufficient factual basis, EED should not be used as a cudgel to defame the victim while simultaneously hoping to diminish one's culpability at trial. When it refused to instruct the jury on assault under extreme emotional disturbance, the trial court's decision was well within its discretion.

Cavanaugh also claims the trial court should have instructed the jury on assault in the second degree. Cavanaugh is not disputing that Missy sustained a serious physical injury. Instead, he contends that the jury, if so instructed, could have reasonably believed that Cavanaugh acted wantonly, rather than intentionally. Under KRS 508.020(1)(c) a person is guilty of assault in the second degree when:

> He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.

The Kentucky General Assembly defines "wanton" as:

> A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and

9

unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

KRS 501.020(3). It is difficult for this Court to square Cavanaugh's contention that he acted wantonly when the uncontroverted evidence presented at trial shows that he strangled his wife in the back bedroom of his mother's house. After he abruptly stopped, he then led her into the kitchen where he picked up a knife. He locked the door, presumably to prevent her escape, and accused her of cheating on him, saying "There is no other way, Missy. And there's no sense in screaming because can't nobody hear you." After stabbing her twenty-six times and breaking eight of her ribs, he then told her to "bleed to death." When the trial court heard this evidence, it was well within its discretion to reject any jury instructions that included "wanton" as the mental state. The evidence demonstrates Cavanaugh's "conscious objective"[6] was to inflict on Missy a serious physical injury. Therefore, the trial court did not abuse its discretion when it declined to instruct the jury on assault in the second-degree.

Since we have found no error on the part of the trial court, we will not undertake a cumulative error analysis as urged by Cavanaugh under *Brown v. Commonwealth,* 313 S.W.3d 577, 631 (Ky. 2010).

---

[6] KRS 501.020(1)- Intentionally -- A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause that result or to engage in that conduct.

## III.    CONCLUSION

For the foregoing reasons, we find that the Trigg Circuit Court committed no error in its application of Marsy's Law by permitting the victim to be present at trial and find no palpable error requiring reversal when the trial court referred to Missy as a "victim."  Likewise, we find the trial court acted within its sound discretion when it declined to instruct the jury on assault under extreme emotional disturbance and assault in the second degree.  The judgment of the trial court is hereby affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Robert C. Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

11