RENDERED:  JULY 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0208-MR

MEGAN WILSON                                     APPELLANT

v.
            APPEAL FROM HARDIN CIRCUIT COURT
            HONORABLE JOHN D. SIMCOE, JUDGE
            ACTION NO. 20-CR-01088

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Megan Wilson brings this appeal from a February 18, 2022, judgment of the Hardin Circuit Court, upon a trial by jury, sentencing her to eleven-years' imprisonment.  We reverse and remand.

Megan Wilson was indicted by the Hardin County Grand Jury upon the offenses of assault in the first degree and tampering with physical evidence.  These indicted offenses stemmed from events that occurred between Megan and her husband, Arron Wilson, in the late hours on October 7, 2020.  At trial, it was

undisputed that Megan threw a pot filled with boiling water on Arron and then he was stabbed with a kitchen knife. However, Megan testified that she did so only after Arron physically abused her by throwing her down upon the floor, holding a gun to her head, and threatening to kill her if she attempted to leave their residence. Arron disputed Megan's version of events and stated he was in bed sleeping at the time of the assault.

The jury was instructed upon the offenses of first-degree assault, second-degree assault, assault under extreme emotional disturbance, fourth-degree assault, tampering with physical evidence, and the defense of self-protection and imperfect self-protection.[1] Under the self-protection instruction, the jury could have acquitted Megan of assault or found her guilty of second-degree assault or fourth-degree assault (imperfect self-protection).

Ultimately, the jury found Megan guilty of first-degree assault and not guilty of tampering with physical evidence. Before sentencing, Megan filed a motion for application of the exemption found in Kentucky Revised Statutes (KRS) 439.3401(5), that reduces the time served by violent offenders, who were also victims of domestic violence.[2] In her motion, Megan asserted:

---

[1] Throughout this Opinion, the terms self-protection and self-defense are interchangeably utilized; both terms refer to the defense set forth in Kentucky Revised Statutes (KRS) 503.050.

[2] KRS 439.3401(5) exempts a violent offender, who was a victim of domestic violence/abuse, from the requirement to serve 85 percent of the sentence before being considered for parole or probation.

1. That Defendant on the date and at the time of the incident which is the subject of this case, and before that date and time, was the victim of domestic violence and abuse inflicted upon her by her husband, [Arron] Wilson, the victim herein, as defined in KRS 403.720, and that the use of physical force by Defendant upon [Arron] Wilson was justified because Defendant believed at that time that such force was necessary to protect herself against the use of force or the imminent use of unlawful physical force by [Arron] Wilson;

. . . .

3. That Defendant desires to testify in support of this motion, and her testimony will pertain to all of the acts of domestic violence and abuse inflicted upon her by her husband, [Arron] Wilson, throughout their marriage.

4. Defendant states that she desires to have the following witnesses testify on her behalf, to-wit:

(a) Lindsey House, or other representative, Kentucky Child Protective Services, who will testify concerning her investigation and findings of domestic violence and abuse perpetrated on Defendant by her husband, [Arron] Wilson;

(b) Jeffery Pearman, brother-in-law of Defendant who will testify concerning his observation of Defendant and her injuries and emotional distress inflected [sic] upon Defendant by her husband, [Arron] Wilson;

(c) Dominque Hughes, friend of Defendant, who will testify concerning injuries inflicted upon Defendant by her husband, [Arron] Wilson, and statements made by Defendant to her concerning same;

(d) Martina Carman, Defendant's sister, who will testify as an "in person" witness to mental and

physical abuse inflicted on Defendant by her husband, [Arron] Wilson;

(e) Phyllis K. Lonneman, who will testify concerning her domestic violence counseling with Defendant;

(f) Lauren L. Masters, LPCC, CADC, SCAC, Statesboro, Georgia, who will testify concerning her counseling with Defendant concerning domestic violence and mental abuse inflicted upon her by her husband, [Arron] Wilson;

(g) Megan Coffee, friend of Defendant, who can testify concerning help requested by Defendant to assist her in separating from her husband, [Arron] Wilson, because of domestic violence and abuse;

(h) Cole Weed, friend of Defendant, who will testify concerning his knowledge of domestic violence and abuse inflicted upon Defendant by her husband, [Arron] Wilson;

(i) Medical Records Custodian, Lincoln Trail Hospital, Radcliff, Kentucky, who will introduce into evidence the records of their treatment of Defendant for mental violence and abuse inflicted upon Defendant by her husband, [Arron] Wilson; and

(j) Records Custodian of the Hardin County Sheriff's Department will introduce into evidence the DVD interview with Cole Weed on August 15, 2021[,] provided to the Defendant by the Commonwealth concerning knowledge of domestic violence and abuse inflicted on Defendant by her husband, [Arron] Wilson.

December 22, 2021, motion for exemption, Record at 101-03.

The circuit court conducted a sentencing hearing. At the hearing, Megan testified that she was physically abused by Arron throughout their two-year marriage and described specific instances of domestic violence and abuse. Megan also produced other witnesses, who testified to seeing bruises on Megan and that Megan had discussed Arron's abuse. By order entered February 18, 2022, the circuit court concluded that Megan was not entitled to the exemption in KRS 439.3401(5), as the court did not believe Megan was a victim of domestic violence. The circuit court sentenced Megan to a total of eleven-years' imprisonment. This appeal follows.

Megan contends that the circuit court committed reversible error by excluding evidence of past domestic violence and abuse she suffered throughout the approximate two-year marriage. Megan asserts that such evidence was admissible to prove her defense of self-protection and that its exclusion was crippling to her defense. Our Court shall review this contention of error for palpable error per Kentucky Rules of Criminal Procedure (RCr) 10.26, as it is unpreserved.[3]

---

[3] Megan Wilson failed to properly preserve this issue for appellate review. Megan did seek to admit evidence of past instances of domestic violence and abuse at trial but argued that it was admissible to prove that she acted under extreme emotional disturbance. And, the excluded evidence was not entered into the record by avowal. However, Megan's attorneys informed the circuit court at a bench conference that the evidence would demonstrate a pattern of domestic abuse and violence perpetrated by Arron Wilson during the two-year marriage. Additionally, Megan and other witnesses testified concerning instances of past domestic violence and abuse

A palpable error is an error that affects the substantial rights of a party and results in manifest injustice. Kentucky Rules of Evidence 103(e); RCr 10.26. To rise to the level of manifest injustice, there must exist a reasonable probability that the result would have been different absent the error. *Graves v. Commonwealth*, 17 S.W.3d 858, 864 (Ky. 2000).

The defense of self-protection is set forth in KRS 503.050, as follows:

(1) The use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person.

(2) The use of deadly physical force by a defendant upon another person is justifiable under subsection (1) only when the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping, sexual intercourse compelled by force or threat, felony involving the use of force, or under those circumstances permitted pursuant to KRS 503.055.

(3) Any evidence presented by the defendant to establish the existence of a prior act or acts of domestic violence and abuse as defined in KRS 403.720 by the person against whom the defendant is charged with employing physical force shall be admissible under this section.

(4) A person does not have a duty to retreat prior to the use of deadly physical force.

---

suffered by Megan at the sentencing hearing. So, the substance of the excluded evidence is available for this Court to review.

-6-

And, domestic violence and abuse is defined in KRS 403.720(2):

> (a) Physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]

The term imminent is particularly defined as:

> "Imminent" means impending danger, and, in the context of domestic violence and abuse as defined by KRS 403.720, belief that danger is imminent can be inferred from a past pattern of repeated serious abuse.

KRS 503.010(3).

It is evident from the plain language of KRS 503.050(3) that evidence of prior domestic violence and abuse perpetrated by the victim upon the defendant is admissible to prove the defense of self-protection. Our common law also recognizes "that evidence of a victim's prior acts of violence, threats . . . may be admissible if offered to prove that the defendant so feared the victim that he believed it was necessary to use physical force . . . in self-protection[.]" *McGaha v. Commonwealth*, 414 S.W.3d 1, 8 (Ky. 2013) (quoting Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 2:15[4][d] (4th ed. 2003); *see also Saylor v. Commonwealth*, 144 S.W.3d 812, 815 (Ky. 2004); *Moorman v. Commonwealth*, 325 S.W.3d 325, 332 (Ky. 2010). More particularly, the Kentucky Supreme Court has recognized that prior domestic violence and abuse can result in battered woman syndrome and that the defense of self-protection may be based upon

-7-

battered woman syndrome. *Springer v. Commonwealth*, 998 S.W.2d 439, 452 (Ky. 1999).

In the final analysis, both Kentucky statutory and common law clearly provide that prior instances of domestic violence and abuse are admissible to prove that the defendant feared the victim and assaulted or killed the victim in self-protection. As a result, the circuit court erred by excluding evidence of prior acts of domestic violence and abuse allegedly perpetrated by Arron against Megan throughout the marriage.[4] Megan should have been permitted to introduce alleged past instances of domestic violence to prove that her fear of Arron led her to use physical violence in self-protection on the night in question.

Having concluded that the circuit court erroneously excluded evidence of past domestic violence and abuse allegedly perpetrated by Arron, we must next determine whether exclusion of such evidence led to manifest injustice – whether a substantial probability exists that the result would have been different absent the error. *See Graves*, 17 S.W.3d at 864.

At trial, Arron testified that he was asleep in bed when Megan threw the pot of boiling water on him and that upon standing Megan stabbed him with a kitchen knife. Arron denied that he had committed any acts of physical violence or

---

[4] The circuit court ruled that only domestic violence that occurred on the night of the underlying events or within one week thereof was admissible during trial.

abuse against Megan that night. By contrast, Megan testified they were in a heated argument that evening that lead to Arron pushing her to the floor, holding a gun to her head, and threatening to kill her if she attempted to leave the residence. Megan admitted to throwing the pot of boiling water on Arron and that Arron was stabbed with a kitchen knife. But, Megan claimed she was acting in self-defense.

The jury was instructed upon the defense of self-protection under KRS 503.050 and imperfect self-protection under KRS 503.120(1). Under KRS 503.050, the use of physical force is justified if defendant "believes that such force is necessary to protect himself." So, "[t]he need for self-defense must be viewed subjectively from the standpoint of the accused, not objectively from the standpoint of a reasonable person[.]" *Hayes v. Commonwealth*, 870 S.W.2d 786, 787 (Ky. 1994) (citation omitted). Stated differently, a "defendant's use of force is justifiable if he *actually* believes, correctly or incorrectly, that force is necessary to protect himself from an attack[.]" *Commonwealth v. Hasch*, 421 S.W.3d 349, 362 (Ky. 2013).

However, the law also recognizes that a defendant's actual belief that the use of force is necessary for self-protection may be mistaken from an objective viewpoint. *Hasch*, 421 S.W.3d at 358. A mistaken belief as to "the need to act in self-protection does not affect the privilege to act in self-protection unless the mistaken belief is [objectively] so unreasonably held as to rise to the level of

wantonness or recklessness[.]" *Commonwealth v. Hager*, 41 S.W.3d 828, 841-42 (Ky. 2001) (citation omitted);[5] s*ee also Hasch*, 421 S.W.3d at 358-59. In instances where the mistaken belief is wantonly or recklessly held by defendant, the defense of imperfect self-protection is available per KRS 503.120(1). *Hasch*, 421 S.W.3d at 358-59. Under imperfect self-defense, the defendant is not completely exonerated but instead a jury may convict a defendant for a lesser offense, one for which wantonness or recklessness is the culpable mental state. *Elliott v. Commonwealth*, 976 S.W.2d 416, 420 (Ky. 1998).

In this case, evidence of alleged past domestic violence and abuse perpetrated by Arron upon Megan is clearly material to Megan's defense of self-protection and imperfect self-protection. To be entitled to either self-protection or imperfect self-protection, it was necessary for Megan to demonstrate that she subjectively feared Arron and believed that force was necessary to protect herself. The past instances of domestic violence and abuse are directly relevant to Megan's subjective belief that the use of force was necessary to protect herself from imminent physical violence from Arron. Even "the belief that danger is imminent can be inferred from a past pattern of repeated serious abuse." KRS 503.010(3). And, if Megan's actual belief concerning the need to use self-protection was

---

[5] The mistaken belief may be either a mistake in the belief to act in self-protection or a mistake in the degree of force utilized. *Commonwealth v. Hasch*, 421 S.W.3d 349, 358 (Ky. 2013).

objectively mistaken, the evidence of prior instances of domestic violence and abuse is also directly relevant to whether Megan's mistaken belief was reckless or wanton for imperfect self-defense, which could have resulted in a conviction of second-degree assault or fourth-degree assault.

Accordingly, we view the evidence of alleged past domestic violence and abuse by Arron as crucial to Megan's defense of self-protection and imperfect self-protection. Moreover, we hold that its exclusion constituted palpable error, as there exists a probability that the outcome of the trial would have been different had the evidence been presented. We, thus, reverse and remand for a new trial.

Megan also argues on appeal that the trial court erred in denying her motion to continue the trial and denying the application of the domestic violence exception regarding her parole eligibility as set out in KRS 439.3401. Since this Court has remanded the case for a new trial and is further directing that evidence of prior domestic violence and abuse be admitted into evidence at the new trial, we conclude that those issues are now moot.

For the foregoing reasons, the judgment of the Hardin Circuit Court is reversed and remanded for a new trial.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael L. Goodwin
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Rob Eggert
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Harrison Kilgore
Assistant Attorney General
Frankfort, Kentucky