RENDERED:  OCTOBER 25, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0359-MR

DAVID HOUCHIN                                                          APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 21-CR-00230

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

ACREE, JUDGE:  Appellant, David Houchin, appeals the Grayson Circuit Court's

ruling that the jury would not be instructed on the defense of voluntary intoxication

and third-degree criminal trespass.  Finding no error, we affirm.

## BACKGROUND

A jury convicted Appellant of attempted first-degree burglary, two

counts of first-degree wanton endangerment, second-degree criminal mischief,

third-degree terroristic threatening, and being a first-degree persistent felony

offender.  The underlying charges arose from Appellant's actions on June 22, 2021.

Appellant claims he drove to Lori Greathouse's home that day to buy marijuana.  He suffers from prostate cancer and COPD and uses marijuana to combat his pain related to those illnesses.  Lori told him not to arrive until at least 1:00 PM.  He complied, arriving at Lori's home sometime after 2:00 PM.  He claims he knocked on the door, but no one answered.  So, he decided to wait in his car and smoke a cigarette.

According to Appellant's version of the events, while he was still in his car, Lori's brother, Joe Higdon, approached him and punched him in the face.  Joe then pulled Appellant out of the car and threw him on the ground.  Lori then came outside with a kitchen knife in hand, but at some point, dropped the knife and returned inside.  Appellant picked up the kitchen knife and then began to stab Lori's front door.  He claims he did not enter the residence.  Additionally, Appellant was adamant he had not been drinking and was not under the influence of any substance when this happened.

The Commonwealth presented a different version of events to the jury.  Lori said this incident began when Appellant's girlfriend called Lori to tell her he was drunk, and he was driving to see her.  Lori then called law enforcement,

hoping they would intercept Appellant operating his vehicle while intoxicated before he arrived at Lori's house. This did not happen.

Lori said Appellant arrived and began banging and kicking her front door. Lori called Joe. When Joe found Appellant, he struck Appellant, picked him up by the seat of his pants, and dragged him off the property. Lori told Appellant to get in his car and leave. Believing Appellant would do so, Joe left the scene.

Appellant returned, however. By then, Lori's neighbors, Philip and Linda Heflin were at Lori's place. They saw Lori grab Appellant by the neck and drag him to his van. She then went inside while Philip remained outside. Appellant then found a kitchen knife that Lori had been using to cut weeds in her flower bed. Philip, seeing Appellant wielding the knife, rushed inside. Appellant began stabbing the door with the knife. Lori testified she was cut by the knife as she stood leaning against the other side of the door to hold it closed. Philip helped her hold the door shut as Appellant attacked it.

At this point, law enforcement arrived and arrested Appellant. The officer stated that, in his opinion, Appellant appeared under the influence of alcohol. He also counted 130 holes in the door from Appellant stabbing it.

The jury did not believe Appellant's version of events and convicted him of all the above-mentioned charges. The court sentenced him to ten-years' incarceration. This appeal follows.

## ANALYSIS

Appellant contends the circuit court erred in two ways when it instructed the jury: first, by failing to instruct the jury on the defense of voluntary intoxication; and second, by failing to include instructions on the lesser included offense of third-degree criminal trespass. We address each argument in turn.

When appellate courts review a circuit court's denial of a jury instruction, we review for abuse of discretion. *Brafman v. Commonwealth*, 612 S.W.3d 850, 857 (Ky. 2020) (citations omitted). During this review, we consider the evidence in a light most favorable to the party requesting the jury instruction. *Thomas v. Commonwealth*, 170 S.W.3d 343, 347 (Ky. 2005) (citing *Ruehl v. Houchin*, 387 S.W.2d 597, 599 (Ky. 1965)). Accordingly, the trial court's decision will be disturbed only if it was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

"It is well established that the trial court is required to instruct the jury on the 'whole law of the case, and this rule requires instructions applicable to every state of the case deducible or supported to any extent by the testimony.'" *Gribbins v. Commonwealth*, 483 S.W.3d 370, 373 (Ky. 2016) (citations omitted) (quoting *Taylor v. Commonwealth*, 995 S.W.2d 355, 360 (Ky. 1999)). "[J]ury instructions must be complete and the defendant has a right to have every issue of fact raised

by the evidence and material to his defense submitted to the jury on proper instructions." *Hayes v. Commonwealth*, 870 S.W.2d 786, 788 (Ky. 1993) (citations omitted). Complete jury instructions include "every theory of the case reasonably deducible from the evidence." *Manning v. Commonwealth*, 23 S.W.3d 610 (Ky. 2000) (citations omitted). This includes affirmative defenses, like voluntary intoxication and "lesser-included offenses." *King v. Commonwealth*, 513 S.W.3d 919, 923 (Ky. 2017).

Pursuant to KRS[1] 501.080: "Intoxication is a defense to a criminal charge only if such condition . . . [n]egatives the existence of an element of the offense[.]" KRS 501.080(1). As the Kentucky Supreme Court explained, "[i]f the posture of the evidence is such that an issue of fact is raised showing intoxication to such a degree that the defendant was unable to form the requisite intent where the charge is for a specific intent crime, then the defendant is entitled to an instruction on this defense . . . ." *Mishler v. Commonwealth*, 556 S.W.2d 676, 680 (Ky. 1977). However, more than mere drunkenness is required, and an instruction on voluntary intoxication is only appropriate "where there is evidence reasonably sufficient to prove that the defendant was so drunk that he did not know what he was doing." *Luna v. Commonwealth*, 460 S.W.3d 851, 882 (Ky. 2015) (quoting *Harris v. Commonwealth*, 313 S.W.3d 40, 50 (Ky. 2010)).

---

[1] Kentucky Revised Statutes.

Here, the evidence presented did not reasonably present Appellant with a viable voluntary intoxication defense. While it is true that nearly all the Commonwealth's witnesses testified to their belief Appellant was intoxicated, he refuted that claim, arguing he was not intoxicated. Further, Appellant made no claim that alcohol, or any of his prescribed medications, caused him to black out or not realize what he was doing. Based on his own testimony, Appellant maintained complete control of his faculties during the entire attack.

Generally, for voluntary intoxication to negate a criminal intent element, one must be so drunk as to not know what they are doing, showing an advanced degree of intoxication that goes well beyond mere drunkenness. *Luna*, 460 S.W.3d at 882. In *Luna*, a jury convicted George Luna of first-degree murder and first-degree arson. *Id.* at 860. While intoxicated, George set the trailer of Debra Hendrickson on fire, and the fire he started killed her. *Id.* at 861. On appeal to the Kentucky Supreme Court, he argued the jury should have been instructed on voluntary intoxication because of his drunken state. *Id.* at 881. The Court rejected this argument because Luna failed to present evidence that his intoxication went beyond mere drunkenness. *Id.* at 882-83. While Luna's testimony greatly referenced his drunken state, he never testified to blacking out from his alcohol consumption, nor that it made him behave in a way that he did not know what he was doing. *Id.* at 882.

-6-

Here, Appellant never testified that he was unaware of his conduct, or that he blacked out from alcohol consumption. As in Luna's case, Appellant presented no evidence suggesting he did not know what he was doing. *Id.* He had no trouble recalling details of that day. He gave a full account of his version of events. That version did not include him blacking out or being unable to recall details of the incident. Moreover, Appellant claims he was not under the influence of any substance, alcohol, or other prescribed medications, and he denied drinking alcohol on the day of this attack. Given that nearly all other witnesses believed he was intoxicated, the evidence would only support an inference of mere drunkenness despite Appellant's own denial of drinking. And mere drunkenness is not enough to support a jury instruction on voluntary intoxication.

Accordingly, the Grayson Circuit Court did not err when it declined instructing the jury on the defense of voluntary intoxication.

Next, Appellant contends he was entitled to a jury instruction on criminal trespass. On appeal, he argues criminal trespass is a lesser included offense of first-degree burglary.

"When the prosecution adduces evidence warranting an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree . . . ." *Trimble v. Commonwealth*, 447 S.W.2d 348, 350 (Ky. 1969). "An instruction on a lesser included offense is appropriate if, and only if, on the

given evidence a reasonable juror could entertain a reasonable doubt of the defendant's guilt on the greater charge, but believe beyond a reasonable doubt that the defendant is guilty of the lesser offense." *Osborne v. Commonwealth*, 43 S.W.3d 234, 244 (Ky. 2001) (citations omitted).

There are three degrees of criminal trespass. Pursuant to KRS 511.060: "A person is guilty of criminal trespass in the first degree when he or she knowingly enters or remains unlawfully in a dwelling." KRS 511.060(1). Pursuant to KRS 511.070: "A person is guilty of criminal trespass in the second degree when he or she knowingly enters or remains unlawfully in a building or upon premises as to which notice against trespass is given by fencing or other enclosure." KRS 511.070(1). Finally, pursuant to KRS 511.080: "A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises." KRS 511.080(1). First-degree burglary is defined in KRS 511.020.

> A person is guilty of burglary in the first degree when, with the intent to commit a crime, he or she knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or she or another participant in the crime:
>
> > (a) Is armed with explosives or a deadly weapon;
> >
> > (b) Causes physical injury to any person who is not a participant in the crime; or

> (c) Uses or threatens the use of a dangerous instrument against any person who is not a participant in the crime.

KRS 511.020(1). Finally, the penal code defines knives as deadly weapons. KRS 500.080(4)(c).

Here, there is no dispute that Appellant was armed with a deadly weapon when he attacked the front door with the kitchen knife. Based on the witnesses' testimony, he used that weapon in his attempt to enter the home, only failing to gain access to the home because law enforcement arrived. The undisputed use of a deadly weapon during the commission of this crime precludes the lesser included crime of criminal trespass as no lesser degree of criminal trespass contains the deadly weapon element. Thus, the evidence here precluded an instruction on the lesser included crime of criminal trespass.

Accordingly, the Grayson Circuit Court did not err when it declined instructing the jury on the defense of criminal trespass.

## CONCLUSION

Thus, for the aforementioned reasons, the Grayson Circuit Court did not abuse its discretion. We affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jared Travis Bewley
Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky